**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| JASON MADSEN,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC COLLECTORS, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**PARTIES**

1. Plaintiff, Jason Madsen ("Jason"), is a natural person who resided in Bremerton, Washington, at all times relevant to this action.

2. Defendant, Dynamic Collectors, Inc. ("Dynamic"), is a Washington corporation that maintained its principal place of business in Chehalis, Washington, at all times relevant to this action.



Northwest Debt Relief Law Firm
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA 98168
Telephone: 206-674-4559

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Dynamic collected consumer debts.

6. Dynamic regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of Dynamic's revenue is debt collection.

8. Dynamic is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, Dynamic contacted Jason to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Jason is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Within the past twelve months, Dynamic began calling Jason on his cellular phone in connection with the collection of a debt.

13. Dynamic called Jason excessively, on an almost daily basis.

14. On or around December 20, 2016, Dynamic telephoned Jason's place of employment to speak with Jason in an attempt to collect a debt.

15. Calls to Jason's place of employment go to the main switchboard, which Jason operates.



Northwest Debt Relief Law Firm
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA 98168
Telephone: 206-674-4559

16. When Jason's place of employment is called, before a live person answers, there is an automated message which states all calls are monitored for quality control.

17. Despite having knowledge the call would be monitored and without knowing whom Dynamic was speaking with, Dynamic disclosed Jason's personal information to the individual who answered the call.

18. Subsequently, Jason's boss reviewed the call from Dynamic, which disclosed the existence of the Jason's debt.

19. Jason's boss discussed the matter with Jason and told Jason personal calls needed to stop.

20. In or around December of 2016 Jason retained an attorney to bring an FDCPA claim against Dynamic.

21. Dynamic responded to Jason's claim by threatening to sue Jason if Jason pursued the FDCPA claim.

22. Dynamic responded to Jason's claim by threatening to sue Jason's employer if Jason pursued the FDCPA claim.

23. Dynamic's collection efforts, including but not limited to its telephone calls, caused Jason emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

24. Dynamic's collection efforts also intruded upon Jason's privacy.

25. In addition, each time Dynamic placed a telephone call to Jason, Dynamic occupied Jason's telephone number such that Jason was unable to receive other phone calls at that telephone number while Dynamic was calling him.

26. Dynamic's telephone calls also forced Jason to lose time by having to tend to Dynamic's unwanted calls.



Northwest Debt Relief Law Firm
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA 98168
Telephone: 206-674-4559

**COUNT ONE**

**Violation of the Fair Debt Collection Practices Act**

27. Jason re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

28. Dynamic violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Jason's consent.

**COUNT TWO**

**Violation of the Fair Debt Collection Practices Act**

29. Jason re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

30. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

31. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

32. The likely effect of Dynamic's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Jason.



Northwest Debt Relief Law Firm
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA 98168
Telephone: 206-674-4559

33. Dynamic violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Jason in connection with the collection of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

34. Jason re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

35. Dynamic violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

36. Jason demands a trial by jury.

## PRAYER FOR RELIEF

37. Jason prays for the following relief:

   a. Judgment against Dynamic for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

[SIGNATURE ON FOLLOWING PAGE]



Northwest Debt Relief Law Firm
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA 98168
Telephone: 206-674-4559

RESPECTFULLY SUBMITTED,

Date: July 12, 2017

By: s/ Thomas McAvity
Thomas McAvity, WSBA # 35197
Northwest Debt Relief Law Firm
14900 Interurban Ave. So
Suite 271, PMB 43
Seattle, WA 98168
Telephone: 206-674-4559
Facsimile: 866-241-4176
Email: thomas@nwdrlf.com
*Attorney for Plaintiff, Jason Madsen*